# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND and COLONIAL AMERICAN CASUALTY & SURETY COMPANY | § § § § § | |
| V. | § § | CASE NO. 4:14-CV-170 Judge Mazzant |
| M. HANNA CONSTRUCTION CO., INC., DESTRUCTORS, INC., QUALITY SAND, INC., MHCC PLANNING, LLC, MATTHEW W. HANNA, and SHELLY K. HANNA | § § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiffs' Motion for Partial Summary Judgment (Dkt. #20) and Defendants' Cross-Motion for Partial Summary Judgment (Dkt. #22). After considering the motions, responses, evidence, and relevant pleadings, the Court finds that Plaintiffs' Motion for Partial Summary Judgment (Dkt. #20) should be granted and that Defendants' Cross-Motion for Partial Summary Judgment (Dkt. #22) should also be granted.

## BACKGROUND

Plaintiffs Fidelity and Deposit Company of Maryland and Colonial American Casualty & Surety Company (collectively "Plaintiffs" or "Sureties") are Maryland corporations that stand as surety and issue payment and performance bonds for selected contractors. On or about April 19, 2009, Plaintiffs entered into a surety relationship and an Agreement of Indemnity with M. Hanna Construction Co., Inc., Destructors, Inc., Quality Sand, Inc., MHCC Planning, LLC, Matthew Hanna, and Shelly Hanna (collectively "Defendants").

On February 4, 2014, Plaintiffs filed suit against all Defendants alleging breach of contract, specific performance, and exoneration pursuant to the Agreement of Indemnity on eight

1

(8) issued payment and performance bonds. These bonds include the following bond numbers: PRF-8934480 ("Promenade Project"); PRF-8947475 ("Bulverde Project"); PRF-8947472 ("TAMU Project"); PRF-8947487 ("Landfill Project"); PRF-8961121 ("Mt. Vernon Projects"); PRF-8961113 ("Crossroads Project"); PRF-8961101 ("Maverick County Project"); and PRF-8925541 ("Hereford Airport Project"). In their original complaint, Plaintiffs allege that Defendants failed to indemnify them when Plaintiffs received claims and incurred losses on each of the bonds listed above (Dkt. #1). Defendants do not contest the issues, facts, or liability for any of the bonds except for the performance bond (but not payment bond) issued on the Promenade Project (Dkt. #21). In defense of the Promenade Project performance bond, Defendants allege that Plaintiffs acted in bad faith and failed to mitigate damages when Plaintiffs intervened in litigation filed in Mississippi over defects in the construction of the Promenade Project, but Defendants do not make any other specific affirmative defenses for the other issued bonds (Dkts. #10, #30).

On September 4, 2014, Plaintiffs filed their Motion for Partial Summary Judgment seeking indemnification damages on all issued bonds except for the Promenade Project performance bond (Dkt. #20). Defendants subsequently filed their Response to Plaintiffs' Motion for Partial Summary Judgment and Cross-Motion for Partial Summary Judgment on September 22, 2014 (Dkts. #21, #22). Plaintiffs filed their Reply in Support of their Motion for Partial Summary Judgment on September 29, 2014, and their Response to Defendants' Cross-Motion for Summary Judgment on October 10, 2014 (Dkts. #23, #24).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment

is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. Unit B 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has satisfied its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. The Court must consider all of the evidence but refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

# ANALYSIS

*Plaintiffs' Motion for Partial Summary Judgment*

In their motion for partial summary judgment, Plaintiffs seek indemnification from Defendants pursuant to an indemnity agreement for losses, expenses, and costs that the Plaintiffs incurred in connection with all surety bonds issued to Defendants except for the performance bond issued for the Promenade Project (Dkt. #20). Because this Court's jurisdiction is based upon the federal diversity statute, Texas substantive law governs this dispute. *See Packard v. OCA, Inc.,* 624 F.3d 726, 729 (5th Cir. 2010); *see also H. E. Butt Grocery Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 150 F.3d 526, 529 (5th Cir. 1998) (citing *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78–79 (1938)). The parties do not dispute that Texas substantive law applies in this case.

In order to establish a breach of an indemnity agreement, Plaintiffs must establish the following elements: (1) the existence of a contractual indemnity agreement between the parties; (2) an obligation in the agreement for the indemnitor to indemnify the surety in the event that claims are made; (3) claims were made on the issued bonds; (4) all conditions precedent for recovery had occurred, been performed, waived, or excused; and (5) the surety has been damaged. *See Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 719 (5th Cir. 1995) (per curiam) (citing *Ford v. Aetna Ins. Co.,* 394 S.W.2d 693 (Tex. Civ. App.—Corpus Christi 1965, writ ref'd n.r.e.) (discussing the enforceability of indemnity agreements under Texas law)).

Plaintiffs provided evidence that established all five (5) elements in Exhibits "A" through "A-23" attached to their motion for partial summary judgment (Dkt. #20). Specifically, Plaintiffs provided a copy of the indemnity agreement, claims checks showing the amount paid under each bond, and the affidavit of James Hamel, Claims Counsel for Plaintiffs, explaining the

claims received and bonds issued to Defendants (Dkt. #20, Exs. A–A-23). Defendants do not object to the facts or evidence included in Plaintiffs' motion (Dkt. #21). However, Defendants do argue that Plaintiffs' motion should be denied because the contested claims and facts that are not covered by Plaintiffs' motion (*i.e.*, the performance bond issued for the Promenade Project) could result in a setoff in favor of Defendants (Dkt. #21). Because of this potential setoff, Defendants argue that Plaintiffs' motion should instead be agreed upon and stipulated to in a preliminary order under Rule 16 of the Federal Rules of Civil Procedure (Dkt. #21).[1]

In support of their argument that a preliminary order is the proper option, Defendants cite to *Montfort Square Shopping Ctr., Ltd. v. Goodyear Tire & Rubber Co.*, No. 3:10-CV-1673-D, 2012 WL 2358163 (N.D. Tex. June 21, 2012). In *Montfort*, the plaintiff shopping center asserted environmental clean-up claims against Goodyear under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 and the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607. *See id.* at *3. In its motion for partial summary judgment, the plaintiff in *Montfort* sought judgment on uncontested elements of the above claims, including a finding that defendant Goodyear qualified as a "person" responsible for "solid waste" under RCRA and CERCLA. *See id.* Significantly, the *Montfort* court noted that the "narrow issues" brought on summary judgment were "largely undisputed" and were merely elements that would not establish liability. *Id.* at *6. Accordingly, the *Montfort* court denied the motion for partial summary judgment and found that the "benefits from eliminating these narrow issues by partial summary judgment [were] outweighed by the efficiency of the court's insisting that the parties stipulate to these undisputed facts" by means of a preliminary order under Federal Rule of Civil Procedure 16(c)(2)(C). *Id.*

---

[1] The Court notes that Defendants have failed to assert setoff as a counterclaim in their answer or first amended answer (Dkts. #10, #30). Moreover, Defendants do not cite to any case law where setoff is a defense in itself that precludes partial summary judgment.

In the current case, Defendants argue that Plaintiffs' motion is similar to the factual situation in *Montfort* and that the uncontested facts and claims should be stipulated as such (Dkt. #21). However, unlike in *Montfort*, Plaintiffs in the current case have successfully established both liability and damages in their motion (Dkt. #20). Additionally, Plaintiffs seek partial summary judgment on entire claims based on distinct bonds and projects, while the plaintiff in *Montfort* sought partial summary judgment solely on uncontested facts that did not establish liability. Because of this distinction, the Court finds that granting summary judgment on the uncontested bond claims is more efficient and expeditious than requiring stipulations in a preliminary order. Thus, the Court finds that Plaintiffs' Motion for Partial Summary Judgment (Dkt. #20) is granted.

*Defendants' Cross-Motion for Partial Summary Judgment*

In their cross-motion for partial summary judgment, Defendants seek to void the homestead waiver provision in the Agreement of Indemnity between the litigants (Dkt. #22). Specifically, Defendants object to paragraph twelve (12) of the agreement, which includes the following language:

> TWELFTH: The Contractor and the Indemnitors hereby waive, so far as their respective obligations under this Agreement are concerned, all rights to claim any of their property, including their respective homesteads, as exempt from levy, execution, sale or other legal process under the laws of any State, Territory, or Possession (Dkt. #22, Ex. A).

The Fifth Circuit Court of Appeals has already held that these types of homestead exemption provisions are illegal in Texas. *See Panasonic Co., Div. of Matsushita Elec. Corp. of Am. v. Zinn,* 903 F.2d 1039, 1041 (5th Cir. 1990). The Fifth Circuit has also held that when illegal provisions like homestead waiver clauses are not essential features of the agreement, the

illicit provision can be severed and the remaining provisions of the contract will be enforced. *See id.*

In their response, Plaintiffs agree with Defendants that the homestead exemption language should be severed from the otherwise enforceable contract (Dkt. #24). Moreover, Plaintiffs point to paragraph twenty-two (22) of the Agreement of Indemnity, which voids the homestead exemption language and says the following:

> TWENTY-SECOND: Anything in this Agreement contrary to an applicant's or indemnitor's state law is hereby voided as respects that applicant or indemnitor (Dkt. #22, Ex. A).

Accordingly, this Court finds that the homestead waiver language in paragraph twelve (12) of the Agreement of Indemnity is void as a matter of law and by means of the agreement itself. Thus, the Court finds that Defendants' Cross-Motion for Partial Summary Judgment (Dkt. #22) is granted.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs' Motion for Partial Summary Judgment (Dkt. #20) is hereby **GRANTED**. It is ordered that Defendants breached their indemnity obligations and are jointly and severally liable to indemnify Plaintiffs in the amount of $1,262,596.69, plus pre- and post-judgment interest, for the losses sustained as of May 31, 2014, on all surety bonds[2] issued to Defendants excluding the Promenade performance bond.

In addition, the Court finds that Defendants' Cross-Motion for Partial Summary Judgment (Dkt. #22) is hereby **GRANTED**. It is ordered that the homestead waiver language

---

[2] The surety bonds issued include the following: the Promenade Payment Bond (PRF-8934480); the Bulverde Payment and Performance Bonds (PRF-8947475); the TAMU Payment and Performance Bonds (PRF-8947472); the Landfill Payment and Performance Bonds (PRF-8947487); the Mt. Vernon Payment and Performance Bonds (PRF-8961121); the Crossroads Payment and Performance Bonds (PRF-8961113); the Maverick County Payment and Performance Bonds (PRF-8961101); and the Hereford Airport Payment Bond (PRF-8925541).

contained within paragraph twelve (12) of the Agreement of Indemnity (*i.e.*, "including their respective homesteads") is void and unenforceable.

**SIGNED this 13th day of February, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE